UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AG/CP CRESTWOOD RETAIL OWNER, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 4:11-CV-00389 |
| GAMESTOP, INC., | ) ) ) |
| Defendant. | ) ) |

# MEMORANDUM AND ORDER
# OF REMAND

Plaintiff, AG/CP Crestwood Retail Owner, LLC ("Plaintiff"), filed a Motion to Remand this action to state court. Plaintiff also seeks attorney's fees from Gamestop, Inc. ("Defendant").

**Procedural Background**

Plaintiff originally filed a Petition for Rent against Defendant in the Circuit Court of St. Louis County on January 21, 2011. Defendant was served with notice of this action on January 31, 2011. Defendant filed a timely notice of removal with this Court on March 2, 2011. Defendant alleged in the notice of removal that this action was removable under 28 U.S.C. § 1441(a) because this Court had original jurisdiction pursuant to 28 U.S.C. § 1332(a), which requires diversity of citizenship between the parties and an amount in controversy in excess of $75,000. On March 22, 2011, Plaintiff filed a Motion to Remand to state court alleging a lack of diversity of citizenship between the parties. Plaintiff also requested attorney's fees. Defendant filed a response to Plaintiff's motion and Plaintiff filed a reply.

**Affidavit of Forest Wolfe**

In its motion to remand, Plaintiff included the affidavit of Forest Wolfe ("Wolfe"), Plaintiff's general counsel. Wolfe stated that he is an attorney with personal knowledge of the organizational structure and ownership of Plaintiff, AG/CP Crestwood Retail Owner, LLC. Wolfe's affidavit provided a detailed description of the multiple levels of ownership of Plaintiff. According to the affidavit, Plaintiff's LLC member is AG/CP Crestwood Parent LLC, a Delaware limited liability company. One of the members of AG/CP Crestwood Parent LLC is AG Crestwood Fund Member, LLC, a Delaware limited liability company. Two of the members of AG Crestwood Fund Member, LLC are AG Realty Fund VII, L.P., a Delaware limited partnership, and AG Super Fund, L.P., a Delaware limited partnership.

AG Realty Fund VII, L.P. has among its partners, the Greater Texas Foundation, a non-profit corporation incorporated in Texas with its principal place of business also in Texas. A partner of AG Super Fund, L.P. is the Regents of the University of Minnesota. The Regents act on behalf of the University of Minnesota, which is a non-profit corporation incorporated in the state of Minnesota.

**Discussion**

A civil action filed in a state court may be removed to federal court only if the action could have originally been brought in federal court. 28 U.S.C. § 1441(a); *Peters v. Union Pacific R.R. Co.*, 80 F.3d 257, 260 (8th Cir. 1996). Here, Defendant alleged that this Court had original jurisdiction pursuant to 28 U.S.C. § 1332(a), which requires diversity of citizenship between the parties and an amount in controversy in excess of $75,000. The amount in controversy is satisfied because the complaint seeks damages in excess of $295,000. Therefore, the remaining and dispositive issue is whether the citizenship of the parties is diverse.

For purposes of diversity jurisdiction under 28 U.S.C. 1332, a corporation is a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Defendant stated in its notice of removal that it is a Minnesota corporation with its principal place of business in Texas. Therefore, for purposes of diversity, Defendant is a citizen of both Minnesota and Texas. Determining Plaintiff's citizenship is a more complex undertaking.

The citizenship of a limited liability company is determined by the citizenship of its members. *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 828-29 (8th Cir. 2004). It follows then that where an LLC has among its members other LLC's, the citizenship analysis is not complete until the citizenship of each member of each LLC is determined. Here, it is apparent from Wolfe's affidavit, that there is a trail of LLC's and partnerships that have a membership interest in the Plaintiff LLC. A member of the Plaintiff LLC is AG/CP Crestwood Parent, LLC. One of the members of AG/CP Crestwood Parent, LLC is yet another LLC, AG Crestwood Fund Member, LLC. Two of the members of AG Crestwood Fund Member, LLC are limited partnerships, AG Realty Fund VII, L.P., and AG Super Fund, L.P.

Similar to determining the citizenship of an LLC, when determining the citizenship of a limited partnership, the citizenship of each general and limited partner must be considered. *Barclay Square Props. v. Midwest Fed. Sav. and Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990). Here, AG Realty Fund VII, L.P. has among its partners, the Greater Texas Foundation, a non-profit corporation incorporated in Texas with its principal place of business also in Texas. AG Realty Fund VII, L.P. is therefore a citizen of Texas. A partner in AG Super Fund, L.P. is the Regents of the University of Minnesota. The Regents act on behalf of the

University of Minnesota, which is a non-profit corporation incorporated in the state of Minnesota.

After examining the organizational structure of the Plaintiff LLC as set forth in Wolfe's affidavit, it is apparent to the Court that at least one and possibly two entities with membership interests in the Plaintiff LLC destroy the required diversity for this Court to have had original jurisdiction under 28 U.S.C. § 1332(a). AG Realty Fund VII, L.P. is a citizen of Texas. Since Defendant, as discussed above, is also a citizen of Texas, there is no diversity of citizenship. Therefore, this Court did not have original jurisdiction of this matter pursuant to 28 U.S.C. § 1332(a) and removal to this Court was improper.

It is also possible that diversity jurisdiction is destroyed by the citizenship of the Regents of the University of Minnesota, who are a partner in AG Super Fund, L.P. However, in light of the Court's determination that complete diversity does not exist because of the Texas citizenship of AG Realty Fund VII, L.P., it is not necessary for the Court to address the citizenship status of the Regents of the University of Minnesota.

Accordingly, Plaintiff's Motion to Remand is granted.

**Attorney's Fees**

Plaintiff also seeks "an amount in excess of $1,500" from Defendant for fees incurred as a result of this action being removed to this Court. An order remanding a case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal. 28 U.S.C. § 1447(c). The United States Supreme Court has adopted an "objectively reasonable" standard for courts to apply in determining whether attorney fees should be granted under 28 U.S.C. § 1447(c). *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). In *Martin*, the Court held that "[a]bsent unusual circumstances, Courts may award

attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin*, 546 U.S. at 141. An award of attorney's fees under § 1447(c) is discretionary. *Id.* at 139.

An award of attorney's fees is not appropriate in this case. 28 U.S.C. §1446(b) allows a defendant thirty days from the date of service of the initial pleading to file a notice of removal. 28 U.S.C. §1446(b). Here, Defendant was served with a copy of the complaint on January 31, 2011. Defendant's counsel therefore had until March 2, 2011 to file a notice of removal with this Court.

Defendant's counsel researched the citizenship status of the Plaintiff LLC by reviewing a prior court filing of Plaintiff in an unrelated case. That court filing indicated to Defendant's counsel that the Plaintiff LLC has four members, three of which are other LLC's and one of which is a limited partnership. Neither of the four member entities was formed in either Minnesota or Texas. Three of the member entities are Delaware entities, and one is an Illinois entity. In an effort to determine the citizenship of the member entities, it appears that Defendant's counsel exhausted all publically available resources, including calling the Delaware Division of Corporations and searching its website.

As a last resort, Defendant's counsel contacted Plaintiff's counsel in an effort to obtain information on the citizenship status of the member entities. The Court does not overlook the fact that Defendant's counsel contacted Plaintiff's counsel only one day prior to filing the notice of removal with this Court. Nor does the Court overlook the fact that Defendant's counsel knew at the time he filed the notice of removal that there was a possibility that complete diversity did not exist. However, under the circumstances presented here, the Court is not convinced that the strategic risk of removing the case was objectively unreasonable.

At the time of removal, Defendant's counsel had undertaken multiple efforts to determine the Plaintiff's citizenship. Defendant's counsel also faced a strict statutory deadline to remove the case or forfeit the opportunity to do so. Although the information Defendant's counsel obtained before removing the case did not resolve the diversity issue, the information gave no cause for counsel, prior to removal, to suspect that the Plaintiff LLC was a citizen of Minnesota or Texas.

In addition, Plaintiff's counsel did not obtain Wolfe's affidavit, which outlined the organizational structure and citizenship status of the Plaintiff LLC, until March 21, 2011 at the earliest, which is the date on the affidavit. Again, the deadline to seek removal was March 2, 2011. Therefore it appears to the Court that Defendant's counsel would have nevertheless had to take the same strategic risk of improperly removing the case that he ultimately took had he contacted Plaintiff's counsel earlier, since Plaintiff's counsel did not obtain the information necessary to determine the Plaintiff's citizenship until nearly three weeks after the removal deadline.

The Court therefore finds that Defendant did have an objectively reasonable basis to remove this case to this Court and denies Plaintiff's request for attorney's fees.

## Conclusion

Based on the above analysis, the Court finds that Plaintiff's Motion to Remand shall be granted and attorney's fees are not permitted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand is **GRANTED**. [Doc #10].

**IT IS FURTHER ORDERED** that Plaintiff's request for attorney's fees pursuant to 28 U.S.C. § 1447(c) is **DENIED.**

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of St. Louis County, Missouri for further proceedings.


Dated this 25th day of May, 2011.

                                      /s/ Nannette A. Baker
                                    NANNETTE A. BAKER
                                    UNITED STATES MAGISTRATE JUDGE